JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL ARROYO, JR., <br><br> Plaintiff, <br><br> v. <br><br> KOSTAS D. VOVOS, in individual and representative capacity as trustee; JOANNA VOVOS, in individual and representative capacity as trustee; DIMITRA VOVOS in individual and representative capacity as trustee; TAMS 21 ROSEWOOD, INC., a California Corporation; and Does 1-10, | Case No. 2:17-cv-4032 DDP-AFM <br><br> **ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> [Dkt. 32] |

Presently before the court is Defendants' Motion for Partial Summary Judgment. Having considered the parties' submissions and heard oral argument, the court adopts the following Order.

**I.  BACKGROUND**

Plaintiff Rafael Arroyo brought this suit against Kostas Vovos, Joanna Vovos,

Dimitra Vovos, and Tams 21 Rosewood, Inc. (collectively, "Defendants") for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.*

Defendant Kostas Vovos is the owner of the restaurant Tams 21 Rosewood ("Tams") on 1201 West Rosecrans Avenue in Compton, California. (Pieratos Decl. ¶ 2.) As alleged in the Complaint, Plaintiff is a paraplegic who cannot walk and uses a wheelchair for mobility. (FAC ¶ 1.) Plaintiff claims he visited Tams in April 2017, and encountered several ADA violations. (*Id.* ¶ 10.)

After filing the Complaint, Plaintiff retained Janis Kent to review Tams for compliance with the ADA. (Kent Decl. ¶ 6.) Kent inspected Tams on October 10, 2017 and subsequently provided her assessment. (*Id.* ¶ 7.) This assessment concluded that several features of the restaurant, such as the parking space, walkways, seating area, interior counters, and restrooms, were not ADA compliant. (Dkt. 53-3, at 4.)

After removing some of the alleged accessibility issues, Defendants retained Ernest Castro, who conducted three inspections of Tams on December 1, 2017, January 17, 2018, and February 14, 2018. (Castro Decl. ¶¶ 2, 6.) Castro concluded that both the "inside and outside" violations were now compliant under federal and state accessibility standards. (*Id.* ¶ 8.)

Subsequently, Kent reviewed the three site inspection reports produced by Castro. (Kent Decl. ¶¶ 8-9.) Kent determined that several compliance issues remained based upon the photographs and information included in the most recent February 2018 inspection report. (*Id.* ¶¶ 11-31.) Defendants subsequently acted to address the remaining issues identified by Kent. (Pieratos Decl. ¶¶ 5-20.)

Defendants now move for summary judgment on Plaintiff's ADA claim. (Dkt. 32.)

## II.  LEGAL STANDARD

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that

2

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All reasonable inferences from the evidence must be drawn in favor of the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242 (1986). If the moving party does not bear the burden of proof at trial, it is entitled to summary judgment if it can demonstrate that "there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 323.

Once the moving party meets its burden, the burden shifts to the nonmoving party opposing the motion, who must "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. Summary judgment is warranted if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. There is no genuine issue of fact "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

It is not the court's task "to scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1278 (9th Cir.1996). Counsel have an obligation to lay out their support clearly. *Carmen v. San Francisco Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001). The court "need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposition papers with adequate references so that it could conveniently be found." *Id.*

3

## III. DISCUSSION

Defendants contend that Plaintiff's accessibility issues at Tams have been resolved, and that injunctive relief is now moot. Under the ADA, a plaintiff is entitled only to injunctive relief. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). As a result, the court must dismiss Plaintiff's ADA claim if it finds that Plaintiff has identified no violations that can be remedied through injunctive relief. *See Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011) ("[A] defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim.")

In March 2018, Plaintiff's retained expert Janis Kent identified a number of remaining ADA violations at the restaurant. (Kent Decl. ¶¶ 8-9.) Kent reached her conclusions on the basis of photographs and information contained in a February 2018 inspection report produced by Defendants' retained expert. (*Id.* ¶ 9.) Defendants dispute whether all of the issues identified are ADA violations but, even so, have recently taken measures to resolve them. (Pieratos Decl. ¶¶ 5-20.) The court addresses the remaining alleged violations in turn.

### i. Parking Area

Kent identifies several issues in the parking area of the restaurant. First, Kent states that a curb "juts into the right blue line" that demarcates a disabled access aisle. (Kent Decl. ¶ 11.) This issue is moot, as Tams has now removed the part of the curb that juts into the disabled access aisle. (Pieratos Decl. ¶ 7.)

Kent additionally states that the top dividing border of the disabled access aisle has not been painted blue, and that the blue paint used for the interior cross-hatching of the access aisle does not sufficiently contrast with the black asphalt. (Kent. Decl. ¶¶ 12, 18.) Defendants have remedied both these issues. Defendants' photographs indicate that they have painted a blue top dividing border for the access aisle, (Pieratos Decl. ¶¶ 6, 7), and that they have replaced the blue cross-hatching paint with white paint, (*id.* ¶ 8).

4

Finally, Kent notes that an orange bollard "block[s] the rear of the driver side accessible parking space." (Kent Decl. ¶ 17.) Defendants have removed the bollard. (Pieratos Decl. ¶ 12.)

### ii. Signage

Kent remarks that there is no signage inside the restaurant to "re-route people to an accessible entrance." (Kent. Decl. ¶¶ 15, 16.) Defendants have submitted photographic evidence that such signage has been posted on the inside of the restaurant, (Pieratos Decl. ¶ 10), along the exterior path of travel, (*id.*), and on both entrances. (*id*. ¶ 11).

### iii. Service Counter

On the basis of a photograph included in Defendants' February 2018 inspection report, Kent claims that the service counter at Tams is (1) "likely to be too close to the ground, when it's in a down position, to be reachable by a person in a wheelchair," if it is a tilt-up counter, or (2) requiring a "cane detectable barrier," if it is a fixed counter. (Kent Decl. ¶¶ 19-21.) Defendants state that it is a fixed counter, and a photograph reveals that there is now a "full skirt" around the counter that serves as a cane detectable barrier. (Pieratos Decl. ¶¶ 13-14.)

### iv. Interior Tables

Kent claims that "by widening the entrance to the restroom, there is even less clear floor space provided for the accessible table [near] the restroom." (Kent Decl. ¶ 23.) Defendants have de-designated the table near the restroom as accessible, thereby removing this issue. (Pieratos Decl. ¶ 15.) Even with the removal of the table near the restroom, Tams still provides one accessible table inside the restaurant. (*Id*.)

### v. Exterior Seating Area

Kent contends that one of the accessible tables in the exterior seating area does not have adequate floor clearance space. (Kent Decl. ¶¶ 27, 31.) Moreover, Kent states that the slope in the exterior seating area, and the slope along the path of travel to the trashcan, was excessive during her October 2017 inspection. (Kent Decl. ¶¶ 28, 29.)

5

Defendants have subsequently removed the exterior seating area, including all tables and the trashcan. (Pieratos Decl. ¶ 20.)

      **vi.    Restroom**

Finally, Kent maintains that several issues exist with the restroom at Tams. Kent states that the key used to open the restroom door must be paddle-shaped. (Kent Decl. ¶ 24.) Furthermore, Kent notes that the interior hardware of the door "is not compliant since it requires tight pinching and twisting of the wrist." (Kent Decl. ¶ 25.) Plaintiff has not represented that these accommodations are required to address his alleged disability. Even so, the restroom key is paddle-shaped, (Pieratos Decl. ¶ 16), and Defendants have installed interior hardware consisting of a sliding latch that does not require significant manipulation of the wrist, (*id.* ¶ 18). Finally, Defendants have removed a trashcan that Kent stated was "blocking clear floor space" in the toilet stall. (Kent Decl. ¶ 26; Pieratos Decl. ¶ 19.)

Based upon its review of the record, the court agrees with Defendants that none of the accessibility issues raised by Plaintiff currently remain. Plaintiff has presented no evidence to create a material dispute of fact as whether Defendants have adequately addressed each of the remaining alleged violations identified by Plaintiff's expert. Absent any remaining violations, Plaintiff's ADA claim is moot. *See Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011). Accordingly, Defendants are entitled to summary judgment on the ADA claim.

Without Plaintiff's claim under the ADA, there is no continuing basis for federal jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *Schneider v. TRW, Inc.*, 938 F.2d 986, 993 (9th Cir. 1991) ("[I]n the *usual* case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.") (quotations omitted). Plaintiff's sole remaining claim is one for past violations under California's Unruh Civil Rights Act. In the interest of comity,

and in recognition of the separate factual basis from which this remaining claim arises, the court declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.

**IV. CONCLUSION**

For the reasons stated above, Defendants' Motion for Partial Summary Judgment is GRANTED as to Plaintiff's ADA claim. The court DISMISSES Plaintiff's Unruh Act claim without prejudice to refiling in state court.

**IT IS SO ORDERED.**

Dated: April 17, 2018

_____

DEAN D. PREGERSON

UNITED STATES DISTRICT JUDGE